**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOSEPH CONRAD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2851** |
| **ROBERT TANNER, WARDEN** | **SECTION "H"(2)** |

### TRANSFER ORDER

Petitioner, JOSEPH CONRAD, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1991 state court conviction and sentence. To support his challenge, petitioner asserts the following grounds for relief:

1) He has been denied due process of law in his post-conviction proceedings at the Louisiana Fifth Circuit Court of Appeal;

2) His trial counsel was ineffective in failing to conduct adequate pretrial investigation and in failing to object to the evidence offered by the State at trial; and

3) The court of appeal erred in denying him post-conviction relief as to the harsher sentence imposed on petitioner during multiple offender proceedings.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>Joseph Conrad v. Burl Cain</u>, Civil Action 98-1866 "H"(2). In that petition, petitioner raised the following grounds for relief:

1) He was denied effective assistance of counsel;

2) The State used the provision of the multiple offender statute to vindictively punish petitioner for his partial success on appeal;

3) The State failed to provide sufficient evidence with which the petitioner could be adjudged a second felony offender; and

4) The evidence was insufficient to find petitioner guilty of the charged offense.

That petition was dismissed with prejudice on the merits by Judgment entered December 16, 1998. Petitioner appealed. The judgment was affirmed. <u>Joseph Conrad v. Burl Cain</u>, 99-30008 (5th Cir. 1999). The United States Supreme Court denied petitioner's writ of certiorari.

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that JOSEPH CONRAD's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this 6th day of December, 2011.

_____
UNITED STATES DISTRICT JUDGE